REDMANN, Chief Judge,
dissenting.
La.R.S. 4:141 declares:
“It is the policy of the state of Louisiana in furtherance of its responsibility ... to encourage forceful and honest statewide control of horse racing ... by safeguarding ... against corrupt, incompetent, dishonest and unprincipled horseracing practices:
“(3) To institute and maintain a regulatory program ... vesting with the commission forceful statewide control of horse racing with full powers to prescribe rules and regulations and conditions under which all horse racing is conducted. ...”
The commission’s Rules of Racing Rule 53.19 provides:
“Should the chemical analysis of any sample of the ... urine ... contain any ... local anesthetic the trainer of tile horse may ... be suspended ..., if the stewards conclude that the drug contained in the sample could have produced analgesia in ... the horse_”
The chemical analysis here showed a local anesthetic. The stewards concluded that a “local anesthetic” could produce “analgesia” (notwithstanding the mildness and the “topical” nature of the anesthetic and the skin’s supposed impermeability to this substance that was in fact in the urine). One who applies anesthetic to a horse expects it to anesthetize, to produce some analgesia. (Although R. 53.19 does not contain such an element as R. 53.9 does, presumably even a little analgesia “might affect ... the racing performance” of the horse.) Under the plain wording of Rule 53.19 the suspension of the trainer is authorized.
I would reverse the trial court.